UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

EDWARD K. BIAS,

      Plaintiff - Appellant,

v.

CORNELL CORRECTIONS, INC.; a
Texas Corporation; GREAT PLAINS
CORRECTIONAL FACILITY;
CORRECTIONAL MEDICAL
SERVICES CORPORATION;
PARKVIEW HOSPITAL, Owned and
Operated by the City of El Reno, a
municipal organization; CANTEEN
CORPORATION OF AMERICA; JOHN
DOE; STEVE LOGAN, President and
Chief Executive Officer of Cornell
Corrections, Inc.; GARY HENMAN, Vice
President of Cornell Corrections, Inc.;
GEORGE E. KILLINGER, Director of
Operations for Cornell Corrections, Inc.;
SAM CALBONE, Warden, Great Plains
Correctional Facility; TRAVIS SMITH,
Deputy Warden, Great Plains Correctional
Facility; MR. REID, Deputy Warden,
Great Plains Correctional Facility;
OFFICER BEASLEY, Mailroom, Great
Plains Correctional Facility; WILDA
ROSE, Case Manager, Great Plains
Correctional Facility; MS. NICKS, Job
Coordinator, Great Plains Correctional
Facility; CAPTAIN STRONG, Unit
Manager, A & D, Great Plains
Correctional Facility; LIEUTENANT
POST, SERGEANT SMITH, SERGEANT
JOHNSON, and OFFICER LENTZ, Great

No. 04-6353
(D.C. No. CIV-03-232-F)
(W.D. Okla.)

Plains Correctional Facility; UNKNOWN OFFICER; K. GUNTER, PAC, Physician's Assistant, Parkview Hospital; UNKNOWN DEFENDANT, Unknown Medical Lab Tech at Parkview Hospital; BRENDA GOODSON, Nurse, Parkview Hospital; UNKNOWN DEFENDANT, Paramedic EMT Ambulance Driver #1; UNKNOWN DEFENDANT, Paramedic EMT Ambulance Driver #2 ; UNKNOWN DEFENDANT, Oklahoma Highway Patrol Officer; UNKNOWN DEFENDANT, Arrestee; JUDY OWENS, Health Services Administrator;  BILLY BEETS, MD, MS. WYMER, Physician's Assistant, MS. KASPER, LPN, MS. TILLEY, LPN, MRS. MCCARTY, RN, MRS. STRONG, RN, MS. LEDFORD, Nurse, VALDIMIR HOLY, MD, MS. SHEMEL, Food Service Supervisor, and MS. KERR Food Service Supervisor, Great Plains Correctional Facility, in their official and individual capacities.

Defendants - Appellees.

---

**ORDER AND JUDGMENT[*]**

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

_____

Edward Bias, a state prisoner appearing *pro se* and *in forma pauperis*, brought an action under 42 U.S.C. § 1983 against a private prison in which he had been incarcerated. He contends on appeal that he was not required to exhaust the prison's administrative remedies because the Prison Litigation Reform Act ("PLRA") does not apply to inmates incarcerated in privately-run prisons. We disagree and affirm the district court's dismissal of Mr. Bias's complaint for failure to fully exhaust.

## I. BACKGROUND

Mr. Bias is an inmate in the custody of the Oklahoma Department of Corrections ("ODOC"). While assigned to the Great Plains Correctional Facility, a private prison operated by defendant Cornell Corrections, Inc., Mr. Bias complained to staff that he was denied adequate treatment for various medical conditions and that he was improperly fired from a prison job in retaliation for requesting that he be allowed to take his medication. After prison staff allegedly failed to adequately address his complaints, Mr. Bias filed the action that is the subject of this appeal. He asserts numerous federal and state law claims, including claims under § 1983 that the denial of medical treatment violated his constitutional rights.

The district court accepted the magistrate judge's recommendation that Mr.

Bias's claims be dismissed without prejudice. Relevant to this appeal, his § 1983 claims were dismissed due to failure to exhaust administrative remedies. Mr. Bias appeals that dismissal.

## II. DISCUSSION

We review *de novo* the applicability of the PLRA's exhaustion requirements and a district court's dismissal of an inmate's suit for failure to exhaust administrative remedies. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). In addition, because Mr. Bias is proceeding *pro se*, we construe his pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 524–25 (2002). We have interpreted this as a "total exhaustion requirement" such that "the presence of unexhausted claims in [a prisoner]'s complaint require[s] [a] district court to dismiss his action in its entirety without prejudice." Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004). A prisoner bears the burden of pleading exhaustion. Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1209 (10th Cir. 2003), cert. denied, 125 S. Ct. 344 (2004).

Although Mr. Bias contends at length that the PLRA requirements do not apply to private prisons, we have clearly held otherwise: the PLRA's exhaustion requirement "applies fully when the plaintiff is a federal or state inmate held in a privately operated facility." Ross, 365 F.3d at 1184. Therefore, Mr. Bias was required to exhaust his claims.

Although it is not entirely clear, we construe Mr. Bias's briefs on appeal to also argue that he fulfilled the exhaustion requirement. See Haines, 404 U.S. at 520–21. Proper exhaustion in this case would have entailed full compliance with the ODOC's four-step grievance procedures, as found in ODOC OP-090124. At each step, if a prisoner does not receive a satisfactory response, he may proceed to the next step. The first step is to seek informal resolution by talking with staff; the second step is to file a written "request to staff"; the third step is to submit a grievance; and the fourth step is to appeal an unfavorable decision on a grievance to an appropriate reviewing officer. Having reviewed Mr. Bias's claims, we agree that the magistrate judge correctly concluded that Mr. Bias failed to fully exhaust these grievance procedures. Although he initiated some grievance procedures, he was required to *fully* exhaust those procedures, by following the above steps for each grievance, before filing this lawsuit. Ross, 365 F.3d at 1189.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM dismissal of Mr. Bias's complaint

without prejudice. The district court granted Mr. Bias's motion to proceed *in forma pauperis* on appeal. We remind him of his obligation to continue to make partial payments until his entire fee has been paid.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge